UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY HEBERT, SR.                                CIVIL ACTION

VERSUS                                           NO: 08-5240

ARLENE RODRIGUEZ, ET AL                          SECTION: J(4)

**ORDER**

Before the Court is Defendant's **Motion in Limine to Exclude the Testimony of Dr. John G. Peters, Jr., (Rec. Doc. 53),** and Plaintiff's **Motion in Limine to Exclude Evidence of Plaintiff's Prior Conviction, (Rec. Doc. 55).**

After reviewing the record, applicable law, and the memoranda and motions of the parties, this Court finds as follows:

**I.  Motion in Limine to Exclude the Testimony of Dr. John G. Peters, Jr.**

This Court finds that Dr. Peter's testimony will not assist the jury, as the trier of fact, "to understand the evidence or determine any of the facts at issue" in this matter. Fed. R. Evid. 702. Therefore, Dr. Peter's testimony does not satisfy the requirements of Rule 702. Accordingly, his testimony should be excluded and **IT IS ORDERED** that Defendant's **Motion in Limine to Exclude the Testimony of Dr. John G. Peters, Jr., (Rec. Doc. 53),** is hereby **GRANTED.**

**II. <u>Motion in Limine to Exclude Evidence of Plaintiff's Prior Conviction</u>**

In January of 2008, Plaintiff was arrested by the Thibodaux Police Department and charged with felony theft. Plaintiff believes that his arrest was wrongful and that Defendants acted maliciously in attempting to prosecute him. Therefore, Plaintiff filed this suit, in which he asserts multiple claims, including defamation. Plaintiff's defamation claims are related to Defendants' alleged act of causing a press release to be issued which accuses Plaintiff of felonious acts.

At trial, Defendants plan to introduce evidence to prove that over 25 years ago, Plaintiff pled guilty to Simple Burglary, a crime which is punishable by fine of not more than two thousand dollars, or imprisonment of not more than twelve years, or both. Plaintiff argues that this evidence should be excluded under Federal Rules of Evidence Rule 609 because the conviction is more than 10 years old.

Rule 609 states, in pertinent part, that:

(a) For the purposes of attacking the character for truthfulness of a witness,

    (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;

>                . . .
>
>    (b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, **unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.**

Fed. R. Evid. 609 (emphasis added).

This Court disagrees with Plaintiff's argument that the evidence of the conviction should be excluded under Rule 609 because the conviction is more than ten years old. Rule 609 provides an exception to the "ten year rule" when the Court determines that "in the interest of justice, that the probative value of the conviction . . . outweighs its prejudicial effect." Fed. R. Evid. 609. As explained more fully below, the conviction is relevant because the evidence is clearly relevant to Plaintiff's defamation claim. Therefore, this Court believes that the probative value of the conviction outweighs its prejudicial effect.

Further, Defendants' are not necessarily using this evidence solely for impeachment purposes. A prior felony theft conviction is relevant to a case involving claims that a Plaintiff's reputation was damaged when he was wrongly accused of felonious acts. The evidence of this prior conviction supports Defendants'

3

defense that even if Defendants wrongfully caused the release of the publication which accused Plaintiff of felonious acts, Plaintiff did not suffer any additional damage because he has indeed been convicted of a felony. See <u>Fiber Systems Intern., Inc. v. Roehrs</u>, 470 F.3d 1150, 1164 (5th Cir. 2006) (stating "[t]he truth of a statement is a defense to a claim for defamation" and that "[t]he defense does not require proof that the alleged defamatory statement is literally true in every detail; substantial truth is sufficient").

For these reasons, **IT IS ORDERED** that Plaintiff's **Motion in Limine to Exclude Evidence of Plaintiff's Prior Conviction, (Rec. Doc. 55)** is hereby **DENIED**.

New Orleans, Louisiana, this 6th day of April, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4