UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TERRY HEBERT, SR.                          CIVIL ACTION

VERSUS                                     NO: 08-5240

ARLENE RODRIGUEZ, ET AL                    SECTION: J(4)

## ORDER

Before the Court is Plaintiff, Terry Hebert Sr.'s **Motion for Attorney Fees and Costs (Rec. Docs. 96 & 97)** and Defendant's **Responses in Opposition (Rec. Docs. 99 & 102).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This case, which involves claims by Plaintiff that he was falsely arrested and prosecuted because of false statements made by Defendant Arlene Rodriquez, was heard before this Court during a jury trial conducted on April 12 and 13, 2010. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiff for $122,000. The $122,000 consisted of $45,000 for Emotional Pain, Suffering, and Mental Anguish; $15,000 for Loss of Business Income; $2,000 for attorneys fees Plaintiff paid to his criminal attorney to defend the false arrest and prosecution; and $60,000 for Punitive Damages.

Plaintiff's attorney, Glenn McGovern, has filed motions for attorney fees, in which he requests that he be paid $350 per hour for the 177.6 hours he worked on Plaintiff's case and $6,518.82 for the expenses he incurred while preparing for the case.

## **THE PARTIES' ARGUMENTS**

Plaintiff's counsel argues that he is a seasoned civil rights attorney with over 33 years of experience and that $350 is a reasonable fee for his services. Counsel also argues that this case was near impossible and it was his legal skills and preparation that allowed him to obtain the successful jury verdict.

Defendant argues that $350 per hour is excessive. According to Defendant, McGovern's rate should be no more than $275 per hour (the amount stated as the fee in the contract for services between Plaintiff and McGovern) and that even an award at that rate would be excessive. However, McGovern argues that as stated in the contract, the $275 fee was only to apply if McGovern was discharged from the proceedings prior to the conclusion of the case, thus, that rate is not applicable.

Defendant also argues that some of McGovern's time entries are duplicative and list mundane actions, some of which should have been completed by non-attorneys. Lastly, Defendant argues that McGovern incorrectly asserts that he should be awarded $2,500 for expert fee costs. McGovern has acquiesced on this issue and has withdrawn his request for expert fees.

## **DISCUSSION**

Pursuant to 42 U.S.C. § 1988, prevailing parties in a civil

rights suit are entitled to reasonable attorney's fees as a part of the costs. 42 U.S.C. § 1988(b). To qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim, that is, some enforceable judgment against the defendant. Farrar v. Hobby, 506 U.S. 100, 112 (1992); Bailey v. State of Mississippi, 407 F.3d 684, 687 (5th Cir. 2005). Plaintiff has obtained relief on the merits of his claim and is therefore entitled to reasonable attorney's fees and costs.

In the Fifth Circuit, "[t]he calculation of attorneys' fees under 1988(b) is a two-step process. First, the court must calculate the 'lodestar' fee." Thompson v. Connick, 553 F.3d 836, 867 (5th Cir. 2008) (citing Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998); Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir. 1996)). The loadstar fee is calculated by "multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." Thompson, 553 F.3d at 867 (quoting Migis, 135 F.3d at 1047). The Fifth Circuit has approved use of the forum rule, which allows the district court to set applicable rates by determining the prevailing market rate within its jurisdiction. Thompson, 553 F.3d 836 (affirming use of the forum rule to award of attorneys' fees in Thompson v. Connick, Civ. A. No. 03-2045, 2007 WL 1772060,(E.D. La. June 18, 2007)).

3

Once the loadstar figure is calculated, "the court decides whether the loadstar amount should be adjusted upward or downward based on the circumstances of the case using the factors articulated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)." Thompson, 533 F.3d at 867; Migis, 135 F.3d at 1047. The Johnson factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id.

The Court "must also consider, *inter alia*, 'whether the award is excessive in light of the plaintiff's overall level of success.' Moreover, the requested fees must bear a '"reasonable relationship to the amount in controversy or to the complexity"' of the circumstances of the case." Mid-Continent Cas. Co. v. Chevron Pipe Line Co., 205 F.3d 222, 232 (5th Cir. 2000).

After reviewing the motions, the memoranda of the parties, the applicable law, and the affidavits submitted by attorneys

regarding the prevailing rate in this jurisdiction for attorneys with experience akin to McGovern, the Court has determined that it is reasonable to award McGovern attorney's fees at a rate of $300 per hour. The Court has reviewed the <u>Johnson</u> factors and has determined that there is no need to make an upward or downward adjustment to this rate. Specifically, the Court finds that $300 per hour is not excessive and that the rate bears a reasonable relationship to the complexity of Plaintiff's case.

The Court has also reviewed the hours submitted by McGovern and finds that total hours expended by McGovern for the activities performed are reasonable. Further, with the exception of the expert fees, the Court finds that McGovern should be granted the requested costs.

Accordingly, **IT IS ORDERED** that McGovern be awarded attorney's fees in the amount of $53,280.00 (177.6 hours @ $300.00 per hour) and costs in the amount of $4,018.82 ($6,518.82 less $2,500 in expert fees).

New Orleans, Louisiana, this  8th  day of _____June_____, 2010.


CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5